

Gerald C. Mann
XXXXXXXXXXXXX
ATTORNEY GENERAL

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

Honorable Sam Bein
County Attorney
Leon County
Centerville, Texas

Dear Sir:

Opinion No. O-311
Re: Construction of Article
7049, Revised Civil
Statutes of Texas,1925.

We acknowledge receipt of your letter of November 11, 1939, in which you request the opinion of this Department upon the following questions:

"Will the Tax Collector be justified in accepting scrip issued to the sheriff for the different services mentioned in Chapter 3, the County Judge and Justice of the Peace when presented by the holder of such scrip when some said holder was not the one to whom the scrip was issued?

"If the Tax Collector is justified in accepting the scrip, what part of the holders' taxes may be paid with said scrip? That is to say, if the holder has general fund scrip, may he pay road and bridge levy, jury levy, and the levy to service outstanding bonds?

"May the Tax Collector accept scrip issued to the sheriff for purposes other than the one enumerated in Chapter 3 of the Code of Criminal Procedure, in payment of taxes when said scrip has been transferred to persons other than the sheriff?"

Article 7049, Revised Civil Statutes, 1925, reads as follows:

"The taxes levied by this chapter are payable in currency or coin of the United States; provided, that persons holding scrip issued to them for services rendered the county may pay their county ad valorem taxes in such script."

A tax collector is not authorized to receive anything except lawful money in the payment of taxes, unless he is expressly authorized by statute to receive anything except lawful money in the payment of taxes,

unless he is expressly authorized by statute to receive something else. See Cooley on Taxation, 4th Edition, Section 1252; 61 C. J. 963; Scisson vs. State, 51 S. W. (2d) 703; Miller vs. State, 53 S. W. (2d) 790. This general rule is discussed and given effect in opinions No. O-774 and No. O-205 by this department.

Article 1060 of Chapter 3, Title 15, Code of Criminal Procedure, reads as follows:

"Drafts drawn and certificates issued under the provisions of this chapter may be transferred by delivery, and shall without further action or acceptance by any authority, except registration by the county treasurer, be receivable from the holder thereof at par for all county taxes."

There is no conflict between Article 7049, Revised Civil Statutes, and Article 1060, Code of Criminal Procedure. Article 7049 provides an exception to the general rule above set out, and as such it must be strictly construed. It does not authorize the tax collector to accept scrip under any other circumstances, or from any person other than the one to whom it was issued, and it is of general application subject to the specific situation covered by Article 1060, Code of Criminal Procedure.

Under the specific authority, and in accordance with the express terms of Article 1060, Code of Criminal Procedure, the answer to your first question is in the affirmative.

In answer to your second question, it is the opinion of this Department that scrip may be redeemed or paid only by the fund against which it was issued. Thus, in reply to your illustration, the holder of general fund scrip may tender the scrip in payment of general fund taxes, but not in payment of road and bridge fund taxes. We enclose a copy of an opinion directly in point, rendered September 11, 1936, by Assistant Attorney General Victor W. Bouldin.

We answer your third question in the negative. Article 1060, Code of Criminal Procedure, does not purport to apply to any situation other than one which arises under the authority of and by virtue of the articles contained in Chapter 3 of Title 15 of the Code of Criminal Procedure. A similar provision of the same general effect, except that it relates to the pay of jurors only, is contained in Article 2122, Revised Civil Statutes of 1925. All other situations are covered by Article 7049, Revised Civil Statutes. Article 7049 states in effect that a person who has rendered

services to the county may pay his county ad valorem taxes in the scrip which was issued to him for such services, and, inferentially the tax collector is authorized to accept scrip tendered to him under such circumstances. It does not follow that the tax collector is authorized to accept the scrip under any other circumstances or from any person other than the one to whom it was issued, nor does Article 7049 authorize any such construction. The scrip having been issued for purposes other than the ones enumerated in Chapter 3 of the Code of Criminal Procedure under Title 15, we are of the opinion that a tax collector is not authorized to accept the scrip in payment of county ad valorem taxes, such scrip being presented by a person other than the one who rendered the services for which it was issued.

We enclose copies of other opinions rendered by this Department which relate to the questions under discussion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  /s/ Ross Carlton
Ross Carlton
Assistant

APPROVED FEB. 7, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This Opinion Considered and Approved in Limited Conference

RC:N:jrb